IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANITA YOUNG, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | No. _____ |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant | § | |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the Plaintiff, Anita Young, and files her Complaint:

### I. PARTIES

1.     Plaintiff is a resident of Salisbury, Rowan County, North Carolina but at the time

of this action Plaintiff and Katie McSheffrey Gunther were residents of San Antonio, Bexar

County, Texas.

2.     Defendant is the employer of Katie McSheffrey Gunther and is the real party in

interest.

3.     Venue is proper in federal court because at all times material herein, the Plaintiff

1

is a U. S. Air Force commissioned officer and the Defendant United States of America is the
employer of Katie McSheffrey Gunther. See Exhibit A. Diversity pursuant to federal law exists
because the parties live in different states and this cause of action occurred in this District.

4.      This Court has jurisdiction pursuant to 28 U.S.C. §2671-2680, the Federal Torts
Claim Act. See Exhibit A.

## II. BASIS OF SUIT

5.      That in August and September 2017 Katie McSheffrey Gunther did disclose
Plaintiff's medical health diagnosis, personal health information and in-patient treatment location
to Dr. Elizabeth A. Heron without Plaintiff's consent in violation of 5 U.S.C. § 552. See Exhibit
A. That all acts of Katie McSheffrey Gunther are imputed to Defendant United States of
America under 28 U.S.C. § 2671-2680.

6.      See Exhibit B which shows Plaintiff exhausted her administrative remedies
pursuant to the Court's order. See Exhibits C and D.

## III. CAUSES OF ACTION

Invasion of Privacy - Public Disclosure of Private Facts and Intrusion of Seclusion.

7.      Libel as Slander. Defendant's actions were meant to libel and slander Plaintiff by
disclosing her medical records sometime between August 14 - September 20, 2017.

8.      Defendant's actions constitute abuse of process, deceit, and interference with
Plaintiff's contract with the United States military. Defendant did her best to have Plaintiff
discharged from the military. Defendant abused the civil process and the responsibility she had
with the United States military. Defendant also interfered with Plaintiff's contract and right to
work with the United States military. Finally, Defendant's actions constitute deceit because

2

Defendant was attempting to deceive the military.

9.    Defendant's actions violate 5 U.S.C. § 552, Defendant failed to exercise due care in disclosing Plaintiff's medical records, Defendant was negligent, reckless, outrageous, and Defendant failed to use discretion.

10.    Defendant's actions constitute intentional infliction of emotional distress.

11.    Defendant's actions were within the scope per Exhibit A.

12.    Defendant disclosed and publicized information about Plaintiff's private life that is her personal health information and in-patient treatment location to Dr. Elizabeth A. Heron without Plaintiff's consent in violation of 5 U.S.C. § 552.

13.    Defendant intentionally intruded on Plaintiff's solitude, seclusion, and/or private affairs by disclosing her medical records and treatment plans to a third-party.  The intrusion would be highly offensive to a reasonable person, and as a result of the intrusion, Plaintiff has suffered damages.  Plaintiff's medical treatment nor the location of her in-patient hospitalization facility is not a legitimate public concern.  Plaintiff has suffered extreme and debilitating injury as a result of Defendant's disclosures.

Intentional Infliction of Emotional Distress

14.    Defendant acted intentionally and recklessly in her disclosure of medical mental health treatment and the location of where the plaintiff was receiving healthcare.  Defendant's conduct proximately caused Plaintiff extreme emotional, prolonged distress, and to the extent other causes of action may be deemed, no other causes of action exist which provide a remedy for the severe emotional distress caused by the Defendant's conduct.

3

IV. DAMAGES

15.     Plaintiff sues Defendant for all actual damages, loss of income, reliance damages, back pay, unpaid vacation pay, past and future mental anguish, loss of earning capacity, and exemplary damages in an amount in excess of $100,000.00.

16.     Plaintiff seeks punitive damages to punish and deter Defendant for her intentional conduct toward Plaintiff in excess of $100,000.00.

WHEREFORE, Plaintiff, Anita Young, prays Defendant United States of America, be cited to answer herein, for judgment as requested herein, for all pre-and post-judgment interest at the highest rate allowed by law, for all costs of court, for all reasonable and necessary attorney's fees, and for all other relief, at law or equity, to which Plaintiff may show herself to be entitled.

Respectfully submitted,

/s/John Ogles

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANITA M. YOUNG, | § | NO. 5:19-CV-619-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER GRANTING UNITED STATES' MOTION TO SUBSTITUTE UNITED STATES OF AMERICA AS DEFENDANT AND AMEND CASE CAPTION; AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO AMEND

The matters before the Court are the United States of America's ("United States") Motion to Substitute the United States as Defendant and Amend the Case Caption (Dkt. # 5), and Plaintiff Anita M. Young's ("Plaintiff" or "Young") Motion to Amend Complaint[1] (Dkt. # 8). Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. After careful consideration, the Court **GRANTS** Defendant's motion to substitute party and amend case caption, and **DENIES WITHOUT PREJUDICE** Plaintiff's motion to amend.

---

[1] Plaintiff's motion seeks leave to amend her petition, which the Court construes in federal court to mean complaint.

**EXHIBIT __A__**

On June 5, 2019, Plaintiff filed suit against Katie McSheffrey Gunther, a United States Air Force employee, alleging that Ms. Gunther disclosed Plaintiff's medical health diagnosis, personal information, and an inpatient-treatment location to another individual. (Dkt. # 1.) Plaintiff alleges that this disclosure was (1) an invasion of privacy—public disclosure of private facts and intrusion on seclusion; and (2) an intentional infliction of emotional distress ("IIED"). (Id.)

On July 26, 2019, the United States filed a motion to substitute the United States as the proper Defendant instead of Ms. Gunther who was acting within the course and scope of her federal employment with the United States Air Force. (Dkt. # 5.) On August 5, 2019, Plaintiff filed a response in opposition (Dkt. # 7); the United States filed a reply on August 12, 2019 (Dkt. # 9).

On August 7, 2019, Plaintiff filed a motion to amend her complaint. (Dkt. # 8.) On August 14, 2019, the United States filed a response in opposition (Dkt. # 10); Plaintiff filed a reply on August 19, 2019 (Dkt. # 11.) The pending matters are discussed below.

2

I.    Motion to Substitute Party

          The United States moves to substitute itself as the proper Defendant

in this case in place of Ms. Gunther in light of the fact that Plaintiff has alleged

claims against Ms. Gunther while she was acting in the scope of her federal

employment. (Dkt. # 5.) Despite Plaintiff's arguments to the contrary, the Court

agrees with the United States.

          As a general rule, "the United States enjoys sovereign immunity from

suit unless it has specifically waived immunity." Jeanmarie v. United States,

242 F.3d 600, 602 (5th Cir. 2001); Truman v. United States, 26 F.3d 592, 594

(5th Cir. 1994). However, because Plaintiff's claims against Ms. Gunther sound in

tort, they are governed by the Federal Tort Claims Act ("FTCA"). See 28 U.S.C.

§§ 2671-2680. The FTCA provides a remedy for claimants "for injury or loss of

property, or personal injury or death arising from the negligent act or omission of

any employee of the Government while acting within the scope of his office or

employment . . . ." Jeanmarie, 242 F.3d at 601; 28 U.S.C. §§ 1346(b), 2674,

2679(b)(1).[2]  As such, the FTCA acts as a limited waiver of the United States'

sovereign immunity. Jeanmarie, 242 F.3d at 601; Galvin v. Occupational Safety &

Health Admin., 860 F.2d 181, 183 n.2 (5th Cir. 1988).

_____

[2] The FTCA makes clear that a suit against the United States under the FTCA is the
exclusive remedy for tort claims arising from the actions of government agencies
or employees. See § 2679(a).

3

Federal district courts have exclusive jurisdiction over civil FTCA claims against the United States. 28 U.S.C. § 1346(b)(1). However, the scope of a district court's jurisdiction over an FTCA claim is defined by the *United States'* consent to be sued under the FTCA. Galvin, 860 F.2d at 183 n.2 (emphasis added); see also United States v. Mitchell, 445 U.S. 535, 538 (1990) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."). Notably, 28 U.S.C. § 1346(b)(1) only grants district courts jurisdiction for tort claims "against the United States," and courts have repeatedly held that the United States is the only proper defendant in an FTCA suit. See, e.g., Galvin, 860 F.2d at 183; Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008). As a result, "an FTCA claim against a federal agency or employee as opposed to the United States must be dismissed for want of jurisdiction." Galvin, 860 F.2d at 183; see also Gregory v. Mitchell, 634 F.2d 199, 204–05 (5th Cir. 1981).

Here, the Court does not have jurisdiction to hear Plaintiff's FTCA claim against Ms. Gunther, an employee of the United States Air Force, and she must be dismissed as a party from the action. Accordingly, the Court will **GRANT** the United States' motion to substitute itself as the proper party and the case caption should so be reflected.

4

II.    Motion to Amend

Plaintiff seeks leave to amend her complaint to add additional allegations and causes of action. (Dkt. # 8.) Notably, however, Plaintiff's proposed amended complaint alleges only Ms. Gunther as a defendant. (See id. at 3.) The Court, however, as already determined that Ms. Gunther is not a proper party to this FTCA action, only the United States. Accordingly, the Court will **DENY WITHOUT PREJUDICE** Plaintiff's motion to amend.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the United States' Motion to Substitute the United States as Defendant and Amend the Case Caption (Dkt. # 5), and the case caption should so be reflected. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Amend Complaint (Dkt. # 8).

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, September 6, 2019.

David Alen Ezra
Senior United States Distict Judge

5



# DEPARTMENT OF THE AIR FORCE
### Air Force Legal Operations Agency
#### Joint Base Andrews, Maryland

HQ AFLOA/JACC
1500 West Perimeter Road, Suite 1700
Joint Base Andrews, MD 20762

MAY 0 6 2020

John Ogles, Attorney at Law
200 S Jeff Davis Ave
Jacksonville, AR 72076

Re: Claim of Major Anita Young, Air Force Claim No: 20-11150

Dear Mr. Ogles,

Under the provisions of the Federal Tort Claims Act (FTCA), Title 28, United States Code, Sections 1346(b) and 2671-2680, I have considered your client's claim for personal injury alleging the wrongful disclosure of personal information protected by the Privacy Act on or about 14 August 2017. After a careful review of the facts and applicable law, I regret that I must deny her claim.

Our investigation revealed that Major Young was on active duty with the United States Air Force at the time of the alleged incident. Under the holding of Feres v. United States, 340 U.S. 135 (1950), your client is barred from bringing claims for negligence under the FTCA. See also Gaspard v. United States, 713 F.2d 1097 (5th Cir. 1983). There is no legal recourse for her to obtain compensation under the FTCA.

This is the final denial of your client's claim. If she is dissatisfied with this decision, she may now file suit in an appropriate United States District Court not later than six months after the date of mailing of this letter.

Sincerely,

BRADFORD S. HUNT
Chief, General Torts Branch
Claims and Tort Litigation Division
Air Force Legal Operations Agency

EXHIBIT ___B___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANITA YOUNG,

        Plaintiff,

v.                                         No. 5:19-CV-0619-JKP

UNITED STATES OF AMERICA,

        Defendant.

## ORDER

This matter came before the Court on April 8, 2020, for video conference hearing upon Defendant United States of America's *Motion to Dismiss* (ECF No. 15), to which Plaintiff responded and Defendant replied (ECF Nos. 19, 20). In support of the motion, Defendant (the "Government") contends that Plaintiff ("Young") did not file an administrative claim with the United States Air Force prior to bringing this suit as required by 28 U.S.C. § 2675(a). Defendant asks the Court to dismiss this suit without prejudice to allow Plaintiff to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"). Having carefully considered the pending motion, the responses and replies thereto, the applicable law, and the arguments of the parties, the Court GRANTS the motion.

Young initiated this action on June 5, 2019, against an Air Force physician who disclosed Young's medical health diagnosis, personal health information, and in-patient treatment location without her consent in violation of 5 U.S.C. § 552. ECF No. 1 at 2, 5. Because the FTCA is the exclusive remedy for tort claims against the United States and precludes suit against individual government actors acting within the scope of their governmental employment, on September 6, 2019, the Honorable David A. Ezra granted the Government's motion to substitute party,

EXHIBIT ___C___

amending the complaint to name the United States as the proper defendant. *See* Order, ECF No. 14 (citing 28 U.S.C. §§ 1346(b)(1) & 2671-2680). On September 13, 2019, the Government filed a motion to dismiss. ECF No 15. On September 16, 2019, this case was reassigned to the undersigned. ECF No. 16. Following an extension of time, Young filed her response on October 10, 2019. ECF No. 19. The Government replied on October 17, 2019. ECF No. 20. The matter being ripe for ruling, this Court convened a hearing on April 8, 2020. In light of the COVID-19 pandemic, the hearing was conducted on the record via video conference. Attorney John Ogles appeared on behalf of Young. Attorney Matthew Mueller appeared on behalf of the Government.

In its briefing, the Government argues Young did not exhaust administrative remedies as required by the Act. ECF No. 15. Young responds she exhausted administrative remedies when the Air Force failed to make a final disposition on her claim. ECF No. 19. The Government replies that the documents Young points to as evidence of exhaustion are insufficient to comply with FTCA requirements, particularly because the documents do not specify damages in a sum certain. ECF No. 20 at 2. At the hearing, Young took the position that she has substantially complied with the requirements of the Act and urged the Court to apply *Williams v. United States* to the facts of this case. 693 F.2d 555 (5th Cir. 1982). The Government pointed the Court to the cases highlighted in its briefing, including *Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2016); *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988); and *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984), each of which reiterates that a "sum certain" must be included in any FTCA claim.[1]

---

[1] "To give notice under 28 U.S.C. § 2675(a), [a plaintiff] must submit 'a monetary claim in a sum-certain.'" *Barber*, 642 F. App'x at 415. "Section 14.2(a) lists the elements constituting notice -- a written notification of the injury-causing incident, a monetary claim in a sum-certain for property damage and personal injury, and authorization by the claimant." *Montoya*, 841 F.2d at 104. "[P]resentation of a claim including 'a sum certain' is a jurisdictional requirement." *Martinez*, 728 F.2d at 697.

"The FTCA waives the United States' sovereign immunity from tort suits, 28 U.S.C. § 2674, and is the exclusive remedy for compensation for a federal employee's tortious acts committed in the scope of employment. 28 U.S.C. § 2679." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). A plaintiff must first exhaust all administrative remedies before bringing an FTCA claim in federal court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996). A tort claim filed pursuant to the FTCA cannot be entertained in federal court unless it is "first presented . . . to the appropriate Federal agency" and the administrative claim has "been finally denied by the agency in writing," or unless six months have passed since the plaintiff made her administrative demand. 28 U.S.C. § 2675(a). An FTCA claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]" *Flores v. United States*, 719 F. App'x 312, 319 (5th Cir. 2018) (quoting 28 C.F.R. § 14.2(a)). "FTCA claims failing to specify a sum certain are insufficient because they fail to comply with the Act's statutory requirements." *Id.* (citations omitted). Failure to follow the Act's procedure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. *Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984).

In *Williams*, the plaintiff's car was struck by a vehicle driven by a U.S. Postal Service employee. *Williams v. United States*, 693 F.2d 555, 556 (5th Cir. 1982). Williams first filed a state court action rather than an administrative claim with the Postal Service. *Id.* The state court complaint described the property damage to Williams's car, contained an itemized list of damages for the personal injuries Williams suffered due to the accident, and specified total

3

damages in the amount of $218,000. *Id.* After being informed of the proper procedure to file an FTCA claim, Williams voluntarily dismissed his state court suit and filed a Form 95 with the Postal Service. *Id.* Williams's Form 95 claim specified only $7,000 for property damage and contained no amount for personal injuries and no total amount. *Id.* Williams's attorney then sent a letter to the Postal Service, which detailed Williams's personal and property damages and "offered to settle all claims for $83,413." *Id.* After the Postal Service denied his claim, Williams filed suit in federal district court alleging negligence and seeking $187,000 for personal injuries and $8,000 for property damage. *Id.* The district court dismissed the complaint, holding that the Form 95 was not proper because it did not include a sum certain, "the state suit could not be used to satisfy the sum certain requirement," and the letter from Williams's attorney "was filed more than two years after the alleged tort." *Id.* at 556-557. The Fifth Circuit reversed, concluding that the combination of Williams's timely filed Form 95 and the information in the state court complaint satisfied the notice requirement in § 2675 of the Tort Claims Act. *Id.* at 558.

Young's complaint alleges an Air Force physician who disclosed Young's medical health diagnosis, personal health information, and in-patient treatment location without her consent in violation of 5 U.S.C. § 552. ECF No. 1 at 2. Young's complaint seeks actual damages in excess of $100,000 and punitive damages in excess of $100,000. *Id.* at 3-4. Young attaches to her complaint a letter from the Deputy Commander of Headquarters Air Education and Training Command. *Id.* at 5-6. Young contends this letter is sufficient to demonstrate the Air Force had notice of her complaint. Notably, the letter finds that Young's allegations against the physician named in her complaint were substantiated, that appropriate action was taken against the doctor, and the Deputy Commander considered the matter closed. *Id.* at 5.

4

In absence of the claim Young contends she submitted to the Air Force; the Court looks to the Deputy Commander's letter to determine whether the Air Force received proper notice of an FTCA claim. The letter does not appear to be the denial of an FTCA claim for several reasons. First, the letter states that it serves as notification of the disposition of the "commander directed investigation (CDI)" into "allegations concerning leadership misconduct." *Id.* Second, the letter does not address any monetary demand made by Young. Third, the closing language states:

> If you are not satisfied with the final determination concerning your allegations, you may request further review by me, in writing, by no later than 18 August 2019. Your request must provide new or additional information that was not otherwise available during the CDI; simply disagreeing with this determination will not be sufficient for further review.

*Id.* at 6. The final denial of an FTCA claim "shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than six months after the date of mailing of the notification." *Martinez*, 728 F.2d at 698 (quoting 28 C.F.R. § 14.9(a)). Consequently, the letter does not indicate the Air Force received proper notice of an FTCA claim by Young. Young's response includes two additional documents, a "Memo for Record" and a letter in response to an "IG complaint" "regarding headquarters policy on timely access to mental health services for patients requiring care following sexual assault." ECF No. 19 at 6-8. Neither of these documents indicate a response to an FTCA claim. Even applying the Fifth Circuit's "pragmatic view toward the form or manner of filing of administrative claims when deciding upon the fulfillment of § 2675 of the Tort Claims Act," the documents Young presented to the court paired with her complaint do not demonstrate compliance with the Act's administrative requirements.[2] *Williams*, 693 F.2d at 557. Accordingly,

---

[2] At least one Fifth Circuit case found "the presentation of an administrative claim 'in excess of $100,000' is a reasonable compliance with the 'sum certain' requirement," *Martinez*, 728 F.2d at 697 (stating that "in this circuit

Young has failed to demonstrate the Court's jurisdiction because she has not shown that she complied with the FTCA's administrative requirements.

The Government assuaged any statute of limitations concerns when, at the hearing, Counsel pointed to § 2679, which provides:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title [28 USCS § 2675(a)], such a claim shall be deemed to be timely presented under section 2401(b) of this title [28 USCS § 2401(b)] if—
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679. As for Young's concern that dismissal of this case will likely necessitate a second filing fee, District Courts do not bar commencement of any suit on poverty alone. Any individual who believes she cannot afford to pay the filing fee, may apply to proceed without prepayment of fees by following the procedure set forth in 28 U.S.C. § 1915.

Accordingly, for the reasons stated above, Defendant United States of America's Motion to Dismiss (ECF No. 15) is GRANTED. This action is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 13th day of April 2020.

_Jason Pulliam_
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

substantial compliance with the requirement has been liberally construed" and citing as examples cases, "where the government had actually been apprised of the amount sought by a prior state court suit," *Williams,* 693 F.2d at 558, "where the attorney's letter included an invoice and inventory of items for which recovery was sought," *Crow v. United States*, 631 F.2d 28, 30 (5th Cir.1980), "or where the attorney's initial letter to the agency included medical bills and repair estimates (including some for expenses unrelated to and in excess of the claim)," *Molinar v. United States*, 515 F.2d 246, 247, 249 (5th Cir.1975)).

AO 450 (Rev. 01/09) Judgment in a Civil Action

**F I L E D**

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

APR 1 3 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

|  |  |
|---|---|
| ANITA YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. SA-19-CV-619-JKP |
| UNITED STATES OF AMERICA | ) |
| *Defendant* | ) |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the
defendant *(name)* _____ the amount of
_____ dollars ($ _____ ), which includes prejudgment
interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____.

☑ other:  The Court GRANTS the United States of America's Motion to Dismiss.  This action is DISMISSED
WITHOUT PREJUDICE.  the Clerk shall enter this Judgment and CLOSE THIS CASE.

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision
was reached.

☑ decided by Judge  Jason Pulliam.

Date: _____ 04/13/2020 _____

*CLERK OF COURT*

Wayne Garcia, U.S. Deputy Clerk
*Signature of Clerk or Deputy Clerk*

**EXHIBIT ___ 1 ___**